JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARK T. RUMOLD
California Bar No. 279060
Assistant Federal Public Defender
Attorney for Defendant
mark_rumold@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jorge Antonio Huerta, Jr.,<br><br>Defendant | No. CR-21-01019-DWL-1<br><br>**SENTENCING MEMORANDUM**<br>**and**<br>**MOTION FOR DOWNWARD**<br>**VARIANCE** |

Jorge Antonio Huerta, Jr., through counsel, respectfully submits the following sentencing memorandum and motion for downward variance.

Mr. Huerta is before the Court after pleading guilty to one count of False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. § 924(a)(1)(A).

For the reasons explained below, Mr. Huerta respectfully requests he receive a sentence of 36 months of probation.

**I.      Background**

Mr. Huerta is 22 years-old, and he is a loved brother and son. This is his first criminal offense.

As the letters to the Court describe, Mr. Huerta is a member of a large, closely-knit family that is deeply supportive of him. Mr. Huerta's father explains

that his family is "there for him and will help him with whatever he needs." *Letter from Jorge Huerta Sr*. His mother reiterates that the family will "help him if he needs any form of assistance to remain in compliance with the rules set by the court." *Letter from Laura Huerta*.

Mr. Huerta's family, in turn, depends on him for support as well. As the letter from Mr. Huerta's mother recounts, Mr. Huerta has provided critical support to the family during difficult times—including during his mother's battle with cancer and to his grandfather, who suffers from paralysis and other serious medical issues.

In addition to a beloved family member, Mr. Huerta is also a valuable employee. Mr. Huerta is employed full-time at Western Aggregates, a mining company in Marysville. He operates heavy machinery there; earns $22 per hour; and he works between 60 and 70 hours per week. Mr. Huerta would not be able to maintain his employment if he received a custodial sentence.

Although Mr. Huerta is currently employed in a mine, his real passion is working on cars. He—and his family—hope that he can one day return to that. Additionally, he is planning a life with his long-term partner, Judith. He hopes to save money to buy land; build a house; and, one day, to have children.

\* \* \*

In November 2022, Mr. Huerta pleaded guilty to one count of making a false statement in the purchase of a firearm. As the presentence report notes, this offense is "out of character for [Mr. Huerta's] law-abiding life." PSR at 13.

Mr. Huerta has been on pretrial release for nearly a year-and-a-half. He has had no compliance issues while under Pretrial supervision. He has been employed; he has submitted four negative drug tests; and he has otherwise reported as directed.

…

…

## II.     Sentencing Recommendation

Mr. Huerta respectfully requests the Court impose a sentence of 36 months of probation.

The Court shall impose a sentence this is "sufficient, but not greater than necessary," to meet the statutory purposes of sentencing. 18 U.S.C. § 3553(a). The statute sets forth several factors the Court must consider, including the Sentencing Guidelines. Here, the applicable Sentencing Guideline range suggests a sentence of 18-24 months in custody. But the Guideline range is not presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 351 (2007). Instead, considering the guidelines and all other § 3553(a) factors, the district court must make an "individualized determination based on the facts." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

Here, that individualized determination supports a downward variance and a sentence of probation.

*First*, Mr. Huerta's personal history and characteristics support a sentence below the Guidelines range. *See* 18 U.S.C. § 3553(a)(1). This offense is not just Mr. Huerta's first criminal conviction—it is his first contact with law enforcement. In over a year on pretrial release, Mr. Huerta has demonstrated that he is responsible and can be a trusted member of society. Indeed, he has secured a steady, good-paying job and is already working towards building a future. A custodial sentence would derail that progress.

*Second*, a sentence of probation appropriately balances the seriousness of the offense, the need for deterrence, and the need to protect the public. 18 U.S.C. § 3553(a)(2). Making false statements in the purchase of a firearm is a felony that requires a just punishment. But Mr. Huerta is unlikely to offend again: this conduct was "out of character," PSR 13, as his time on pretrial release demonstrates. The

prospect of a custodial sentence upon revocation provides adequate deterrence against future criminal conduct.

*Third*, the Court must also consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). According to U.S. Sentencing Commission data, in Fiscal Year 2021 in the District of Arizona, there were 13 prosecutions for which § 2K2.1—the applicable Guideline here—was the primary Guideline and the defendant was in Criminal History Category I—like Mr. Huerta. In over 50% of those cases, a sentence of probation (or an alternative to custody) was imposed. *See* U.S. Sentencing Commission, *Interactive Data Analyzer*.[1] Mr. Huerta's personal history and characteristics all suggest that his sentence should be comparable to the majority of similarly situated defendants.

Mr. Huerta has pleaded guilty and accepts responsibility for his actions. After this case, he will be a convicted felon and carry all the collateral burdens that come with it. Additional punishment—beyond a period of probation—is unnecessary.

. . .

[1] *Available at* https://ida.ussc.gov/analytics/saw.dll?Dashboard#USSCAskIDACustomPopupClose (selecting for District of Arizona cases in 2021 where §2K2.1 was primary guideline and defendant was a criminal history category I).

Respectfully submitted: February 28, 2023.

JON M. SANDS
Federal Public Defender

*s/Mark Rumold*
MARK T. RUMOLD
Assistant Federal Public Defender